**TERRY LISA BEAUDRY,**

        **Plaintiff,**

-vs-                                                    **Case No. 6:09-cv-579-Orl-22DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

## ORDER

## I. INTRODUCTION

This cause is before the Court for consideration of the Commissioner's administrative decision to deny Plaintiff Terry Lisa Beaudry's application for social security benefits. United States Magistrate Judge David A. Baker submitted a Report and Recommendation ("R & R") (Doc. No. 17) recommending that the administrative decision be affirmed.

Beaudry claims that the ALJ's findings were wrong because the ALJ failed to apply the correct legal standards to Dr. Bonnet's expert medical opinion and Beaudry's pain testimony. (Doc. No. 13 p. 2.) She also asserts that reversal, not remand, is the appropriate remedy. (*Id.*) The magistrate judge recommended upholding the ALJ's decision because Dr. Bonnet was not a treating physician and the ALJ appropriately applied the pain standard. The magistrate thus declined to address whether reversal would be the appropriate remedy. After an independent *de novo* review of the record in this matter, including the objections filed by Beaudry, the Court agrees entirely with the magistrate

judge's conclusion that Beaudry is not entitled to benefits because she has not established a disability. Accordingly, the Court will affirm the Commissioner's administrative decision.

## II. ANALYSIS

### A.    Standard of Review

A person seeking social security disability benefits must prove a disability, defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1). The impairment must also be of such severity that the individual is unable to do his or her previous work and – considering age, education, and work experience – cannot engage in any other kind of substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Social Security Administration, under the authority of the Social Security Act, has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520. First, if a claimant is doing substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). At the second step, if the claimant does not have an impairment or combination thereof that is severe and meets the duration requirement, she is not disabled. 20 C.F.R. § 404.1520.(a)(4)(ii). Third, if a claimant has an impairment that meets or equals one of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can do her past relevant work, she is not disabled.

*Id.* The fifth and final step entails an assessment of whether age, education, and work experience would allow the claimant to make an adjustment to other work. 20 C.F.R. § 404.1520(a)(4)(v).

"The Act places a very heavy initial burden on the claimant to establish the existence of a disability by proving that he or she is no longer capable of performing his or her past work." *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985). Beaudry's appeal focuses on the fourth step in the evaluation process: her capacity to perform her past relevant work.

The scope of this Court's review is limited to whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Id.* Even if the Court finds that the evidence preponderates against the Secretary's decision, the Court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)).

## B.    Beaudry's Objections to the R & R[1]

The magistrate judge concluded that the ALJ "appropriately considered Plaintiff's circumstances and analyzed them in relation to the exacting disability standard under the Social Security Act." (Doc. No. 17 p. 13.) Beaudry argues that the ALJ's stated reasons for finding that

---

[1] The Court notes that Beaudry frames her arguments as "reasons" that the ALJ's determination was in error. Without the benefit of specific objections, the Court will address these "reasons" as objections to Judge Baker's conclusion that the ALJ did not err in evaluating Beaudry's pain and capability of light work.

Beaudry could perform light work "are not based on the correct legal standards and are not supported by substantial evidence." (Doc. No. 19 p. 2.)

Beaudry asserts that the ALJ's primary reason for denying benefits was because Beaudry "sought very little treatment for her back since her worker's compensation claim was settled." (*Id.* at 3.) Beaudry asserts that this is factually incorrect because she "saw her primary care doctor twice at the Jesus Clinic after she settled her workers' compensation claim" and "sought treatment from an orthopedist, Dr. Newfield, three times in 2006." (*Id.*) Beaudry further contends that the ALJ was incorrect in making conclusions about her credibility based on a lack of frequent treatment because Beaudry's doctors told her treatment would be futile. She states that Dr. Gilmore at the Jesus Clinic told her that nothing could be done to help her back and that a neurological surgeon, C. Gilbert Tweed, M.D., told her in 2007 that she was not a good candidate for surgery. (*Id.*) The Court disagrees with Beaudry's characterization of the ALJ's determination. This was only one of the reasons – and not the primary one – given by the ALJ in support of her finding that Beaudry's testimony about her pain was not credible to the extent that it was inconsistent with the residual functional capacity assessment. (R. p. 17.) Moreover, the reason Dr. Tweed told her she was not a good candidate for surgery was not because it was futile but because she did not have leg pain – apparently her pain was not severe enough.

A related objection is that the ALJ "totally" rejected Beaudry's testimony and supporting medical evidence because of the ALJ's finding that Beaudry currently takes no medication. (Doc. No. 19 p. 6.) Beaudry argues that this is not true and is inconsistent with her testimony that she takes generic pain medication twice a day. She asserts that she does take and has taken a variety of other

medications, including sleeping pills and over-the-counter pain relievers. The Court notes that the ALJ did acknowledge Beaudry's testimony about her medications. Though the ALJ also noted Beaudry's medical records that stated she was taking no medication, the ALJ was permitted to rely on such evidence. Again, this was just one factor upon which the ALJ based her decision and was not alone dispositive.

Beaudry also objects to the ALJ's use of the doctors' opinions – either giving those opinions too much or too little weight. Beaudry first argues that the ALJ gave too much weight to the opinion of "a nonexamining, nontreating, State consultant" who found that Beaudry could do light work. (*Id.* at 9.) Beaudry cites caselaw for the contention that "taken alone" this opinion does not constitute substantial evidence to support the administrative decision. However, it is clear from the administrative record that the ALJ did not consider this opinion alone, nor does Beaudry offer any evidence to show that the ALJ disregarded all other evidence. Further, the state-appointed consultant did not alone hold this opinion. As the ALJ noted, the record lacked "any treating source opinion evidence which establishes that the claimant has been unable to work." (R. p. 18).

Beaudry next objects that the ALJ should not have relied on Dr. Hatch's and Dr. Carpenter's opinions because they did not have the benefit of an MRI when they made their decisions. Beaudry explains that these physicians thus did not know about her disc herniation, which would have showed them that she was not able to perform "full work duty." (*See* Doc. No. 19 p. 9.) However, the ALJ can consider all evidence; she does not have to set these opinions aside simply because the doctors did not have the benefit of an MRI. The ALJ also did not rely exclusively on these opinions but looked to many other factors in order to assess Beaudry's pain and credibility. As the magistrate

judge explains, "the ALJ stated in great detail her reasons for discounting Plaintiff's credibility, including inconsistencies between her reports and the examination findings, as well as inconsistencies between her statements and her activities of daily living." (Doc. No. 17 p. 12.) The magistrate adds that the ALJ also considered the short-term jobs Beaudry held after her injury and found that the work activity "demonstrated an ability to function that was inconsistent with Plaintiff's testimony concerning her limitations." (*Id.* at 12-13.)

Beaudry also contends that the ALJ did not consider all evidence relevant to the intensity and persistence of her pain or other symptoms that could be reasonably accepted as consistent with the medical signs and findings. Specifically, Beaudry objects that the ALJ did not consider the orthopaedic specialist's assessment about the degenerative discs and their relation to her discomfort. She further asserts that the ALJ did not give weight to Dr. Tweed's diagnosis of the disc herniation though Dr. Tweed "obviously thought Ms. Beaudry had back pain because she recommended that she have pain management." (Doc. No. 19 p. 13.) Beaudry also notes that the ALJ should have given weight to Dr. Gilmore's diagnosis of "chronic lumbar pain." (*Id.*) Further, Beaudry asserts that Dr. Newfield's opinion contradicts the ALJ's because the doctor's opinion shows that the damaged discs and neural encroachment may be the source of Beaudy's pain. Beaudry contends that the ALJ ignored Dr. Newfield's opinion and formulated her own. However, these arguments miss the mark. The ALJ never denied that Beaudry suffered from pain or that these impairments could have been the source of Beaudry's pain. Rather, the ALJ found that Beaudry's "subjective complaints concerning the intensity, persistence, and limiting effects of the symptoms were not credible." (R. 16.)

Finally, Beaudry objects to what she characterizes as the ALJ's finding that Beaudry was not credible because of her testimony that no would hire her. (*Id.* at 8.) The Court disagrees with this characterization. The ALJ did not base her decision regarding credibility in any way on such testimony, nor does the magistrate judge imply that the ALJ did so. Rather, the magistrate explains that the ALJ did not give that factor any weight because it is irrelevant to such an inquiry. Therefore, it in no way serves as a basis to reject the R & R.

### III. CONCLUSION

Therefore, it is ORDERED as follows:

1. The Report and Recommendation (Doc. No. 17), entered April 20, 2010, is ADOPTED and CONFIRMED and made a part of this Order.

2. Plaintiff Terry Lisa Beaudry's Objection to the Report and Recommendation (Doc. No. 19), filed May 7, 2010, is OVERRULED.

3. The Commissioner's decision is hereby AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter a judgment accordingly.

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida, on June 23, 2010.

Copies furnished to:

United States Magistrate Judge
Counsel of Record

ANNE C. CONWAY
United States District Judge